## THE PEOPLE *v.* BUITRAGO.

### APPEAL from the District Court of Guayama.

No. 148.—Decided November 11, 1908.

HABEAS CORPUS—ADULTERY—ALTERNATIVE PUNISHMENT.—A judgment condemning a defendant for the crime of adultery to the alternative punishment of $200 fine, or two months in jail in case of failure to pay such fine, is not a violation of section 209 of the Penal Code.

ID.—ADULTERY—PROSECUTION OF WOMAN.—In *habeas corpus* proceedings an allegation to the effect that the crime of adultery cannot be committed without the concurrence of the other party, who should be prosecuted unless it is shown that such party was excluded from the prosecution in order to use the testimony against the defendant, as a witness for The People of Porto Rico, is immaterial and impertinent.

ID.—ALTERNATIVE PUNISHMENT—IMPRISONMENT.—The imprisonment of a defendant sentenced to pay $200 fine, or in default thereof to serve two months in jail, is not illegal where the defendant has failed to pay the fine and he is imprisoned to satisfy the alternative punishment.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Manuel Buitrago from a decision of the District Court of Guayama of October 28 last, refusing to release him from custody, as prayed in *habeas corpus* proceedings.

Buitrago alleged as the grounds for his petition: 1. That he had been convicted of the crime of adultery and sentenced to pay a fine of $200 or in default to be imprisoned in jail for two months, the latter punishment not being authorized by any provision of law, because the minimum imprisonment for adultery is one year in jail; 2. That the said crime cannot be committed by one person without the consent of the other, which in the case in question should have been a woman, and it does not appear that the latter was excluded from the proceedings for the purpose of testifying against the defendant as a witness for The People of Porto Rico; 3. That a fine being, as it is, a lien on the property of the defendant, the latter could not be committed to prison until the officer charged with the execution of the judgment had stated that he was insolvent; 4. That sections 318 and 367 of the Code of Criminal Procedure have been violated; 5. That the commitment does not conform to the provisions of the said Code of Criminal Procedure.

The grounds alleged by the petitioner are not sufficient to justify his release from custody.

It is true that section 269 of the Penal Code punishes the crime of adultery with a maximum fine of $2,000 or imprisonment not exceeding five or less than one year; but as the penalty of imprisonment for two months imposed upon Buitrago is not a principal but a subsidiary penalty—that is to say, in default of the payment of the fine of $200 that provision of law cannot be considered to have been violated.

The second allegation, apart from not being based upon a proven fact or any legal provision whatsoever, is impertinent in *habeas corpus* proceedings.

The third allegation is not admissible in this case, because although section 325 of the Code of Criminal Procedure provides that a judgment requiring the defendant to pay a fine constitutes a lien, in like manner as a judgment for money rendered in a civil action, and section 328 provides that if the judgment is for a fine alone, execution may be issued thereon attaching the property of the defendant, the following section—that is to say, section 329—provides that if the judgment is for imprisonment or for a fine, and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer and by him detained until the judgment is complied with. This last article has been applied in the case at bar in which the petitioner was sentenced to pay a fine of $200 or be imprisoned for two months.

With regard to the fourth allegation, the violation of section 318 of the Code of Criminal Procedure, if it existed, would be a defect in procedure which should have been alleged in due time and not in *habeas corpus* proceedings; and with reference to section 367, we find that far from having been violated, it was duly applied, because the judgment rendered having been affirmed, by this Supreme Court, the original or rather the originating judgment is the one which has been enforced.

For the execution of said judgment, a certified copy thereof was issued to the warden of the jail of Guayama, in compliance with the provisions of section 327 of the Code of Criminal Procedure, and no other order or authority to justify the execution was necessary.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not sit at the hearing of this case.